

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

June 5, 1963

This Opinion
Affirms Opinion

#WW-1506

Mr. W. C. Lindsey
Criminal District Attorney
Beaumont, Texas

Dear Sir:

Opinion No. C-89

Re: Opinion No. WW-1506
Subject: Marble
Machines

You have recently requested an opinion of this office relative to a special kind of marble machine. The letter of inquiry states in part:

"On April 10, 1963, we requested an opinion from your office on the legality of a certain marble machine which allowed free balls on obtaining a certain objective. ..."

You then state that this office furnished you with a copy of the opinion request of Mr. Henry Wade upon which Opinion No. WW-1506 was based. You state:

"The letter of inquiry did seem to indicate that the subject marble machine was one which is similar to the marble machine which our inquiry inferred.

"However, we are in need of an opinion that sets forth and states that a marble machine which allows an additional ball is in fact illegal, if that is your opinion. Therefore, we request that you clarify or modify your opinion No. WW-1506 to set forth a clear and definite holding on the legality of such a machine. The opinion, as now written, makes no reference to an additional ball except in the quotation from a New York decision, and the facts describing the machine only indicate that it is equipped with 'flippers.'"

In WW-1506 we held as follows:

"Under the facts presented by you, we agree with you 'Flipper Cowboy' does not fall into the category of a coin operated gambling

-433-

device.  In short, we can say that when a
player deposits his money in 'Flipper Cow-
boy' he pays for and receives one game.
That is all he bargained for and all he will
get.  Only the length of the game is left to
be determined and that by the skill of the
player.  When that one game is completed the
only way the machine can be replayed is by
depositing an additional coin."

We then held that "Flipper Cowboy," a type of coin-operated
marble machine was not a gambling device and was not prohi-
bited under Article 642a of the Texas Penal Code.

In your letter of April 10, 1963, you described the
marble machine as follows:

"The said 'marble machine' has a playing
field set on four legs and is played by insert-
ing a coin in the machine.

"No free games or money are returned to
the player under any circumstances.

"The machine has mechanical devices on
either side of the playing field called
'flippers', which, if properly manipulated,
enable the player to hit the ball in play
thereby preventing the ball from falling into
the 'return hole' and allowing the player to
continue the same game.

"The game is played with one ball, which
is allowed to fall into the 'return hole' af-
ter passing through the playing field, the
time required to pass through the playing
field and the score accumulated being depen-
dent upon the skill of the player in using
the 'flippers' to keep the ball in play and
make it strike certain objects in the field
of play.

"As the ball is allowed to fall into the
'return hole', it is re-played a minimum of
five times in one game.

"The game may be continued by the player
and with the same ball if said player is
skillful enough to obtain certain scores or

to strike certain objects in the field of
play under certain known circumstances.
This continuation of the game is by the
process of allowing the ball to be shot
additional times, up to a maximum of five
shots in addition to the original five
shots, but the score accumulated and the
whole process constitutes only one game."

As we understand the operation of the machine, a minimum of five and a maximum of ten balls constitute one game. Whether the player receives the minimum of five balls or more, up to the maximum of ten, is dependent on his skill in manipulating the "flippers". He has, therefore, received only one game for his consideration (coin).

Under these circumstances we affirm our holding in Opinion WW-1506.

### SUMMARY

A marble machine which allows additional
free balls as certain scores are obtained,
such balls being obtained within the same
game and upon the payment of a single con-
sideration, is not a gambling device per se
and is not therefore prohibited under Article
642a of the Texas Penal Code.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By Norman V. Suarez
Norman V. Suarez
Assistant Attorney General

NVS:nss

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
F. R. Booth
Howard Mays
Gilbert J. Pena
Howard Fender

APPROVED FOR THE ATTORNEY GENERAL
BY:  Stanton Stone